UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE COOK,

    Plaintiff,        Case No. 18-cv-11382
                Hon. Mark A. Goldsmith
vs.

FAMILY DOLLAR STORES
OF MICHIGAN, LLC,

    Defendant.
_____/

## OPINION & ORDER
## GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (Dkts. 28, 33)

Plaintiff Eugene Cook originally filed this action in the Wayne County Circuit Court. Defendant Family Dollar Stores of Michigan, LLC ("Family Dollar") removed the action to this Court on May 2, 2018. In his complaint, Cook alleges that he was shopping at Family Dollar and was assaulted by several of its employees. Compl. ¶¶ 7-12 (Dkt. 1). Although his original complaint named only Family Dollar as a Defendant, he now says that he has identified his assailants and seeks permission to file an amended complaint naming these individuals – Jamin Dubose, Martell Durham, Donzel Ross, David Bryant, Deonte Saxton, and Takeila Mckinney – as Defendants. The parties agree that adding these individuals would destroy diversity jurisdiction.[1]

---

[1] Cook's proposed amended complaint provides only that the proposed Defendants are "residents" of Michigan. Prop. Am. Compl., Ex. A to Pl. Mot., ¶ 3 (Dkt. 33-1). While Family Dollar's notice of removal established that Cook is a citizen of Michigan and Family Dollar is a citizen of Virginia, see 3d Am. Notice of Removal, ¶ 4 (Dkt. 11), the Court cannot determine the citizenship of the proposed Defendants based on the proposed amended complaint. The citizenship of an individual for diversity purposes is his or her state of domicile, rather than residence. Deasy v. Louisville & Jefferson County Metro. Sewer Dist., 47 F. App'x 726, 728 (6th Cir. 2002) ("To establish the

1

The removal statute, 28 U.S.C. § 1447(e), provides that "[i]f after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The court has discretion to allow the addition of these defendants, based on the following factors: "(1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors." Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc., 654 F. App'x 218, 221 (6th Cir. 2016) (citing Bailey v. Bayer CropScience, L.P., 563 F.3d 302, 209 (8th Cir. 2009); Mayes v. Rapoport, 198 F.3d 457, 462-463 (4th Cir. 1999)).

Family Dollar argues that Cook seeks to amend the complaint solely to destroy federal jurisdiction. Def. Resp. at 3 (Dkt. 29). It claims that Cook waited until February 2019 to file his motion to amend, even though he learned the names of Family Dollar employees in a September 7, 2018 deposition and was able to depose three additional employees at the end of November 2018. Family Dollar contends that Cook can simply file a separate complaint against the additional proposed Defendants in state court. Family Dollar also points out that all of its employees "vehemently denied any knowledge of or involvement in Plaintiff's alleged attack[.]" Id. at 2.

In reply, Cook says that he has moved expeditiously. He claims that in the September 2018 deposition, he only learned the names of the individuals working at the Family Dollar store on the day of his alleged attack. It was not until December that he received the transcripts of the November depositions and the photos of the individuals and was then able to determine which of

---

'citizenship' required for diversity jurisdiction, [the party asserting diversity jurisdiction] must show more than mere . . . residence. He must show that [the state in question] is his domicile.").

the employees were the alleged assailants. Pl. Reply at PageID.172 (Dkt. 30).

The Court finds that the balance of factors weighs in favor of granting Cook's motion. Family Dollar offers nothing to support its contention that Cook is simply trying to destroy diversity jurisdiction – the individuals that Cook seeks to add as Defendants were allegedly the assailants the day he was assaulted at the Family Dollar store. The fact that the employees denied involvement in the attack during their deposition does not prohibit Cook from naming them as Defendants in this case. It is a much better use of the parties' and the courts' time to adjudicate Cook's claims against Family Dollar and the individuals at once, rather than having two separate actions in two separate courts based on the same event. Further, it was reasonable for Cook to wait until December to confirm the identities of his assailants, and he was not dilatory in waiting until February to file the motion to amend.

For these reasons, Cook's motion to amend (Dkts. 28, 33) is granted. Cook shall file his amended complaint on or before July 11, 2019. If the amended complaint makes clear that diversity jurisdiction is lacking, see 28 U.S.C. § 1332(a), the Court will then enter an order remanding this case to the Wayne County Circuit Court.

SO ORDERED.

Dated: July 8, 2019　　　　　　　　　　　　s/Mark A. Goldsmith  
　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　United States District Judge